**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 06-30005-2** |
| **VERSUS** | * | **JUDGE JAMES** |
| **RONNIE RAY RADEMACHER** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, (Doc. #60), filed by defendant Ronnie Ray Rademacher.  The Government opposes the motion.  (Doc. #63).  Rademacher raises the following three arguments: (1) He was denied the effective assistance of counsel guaranteed by the Sixth Amendment because his attorney failed to properly apprise him of his sentencing exposure before he entered his guilty plea; (2) His attorney was constitutionally ineffective for neglecting to investigate Rademacher's prior Texas conviction which was used to enhance his sentence; and (3) The district court erred when it enhanced his sentence under § 841 because his Texas conviction does not constitute a "felony drug offense."  Having held an evidentiary hearing in this matter, the undersigned now recommends that Rademacher's motion be **DENIED**.

## BACKGROUND

As Rademacher states in his brief, the adequacy of his attorney's representation is the "primary question" presented.  (Doc. #75, p.9).  Robert Noel represented Rademacher starting shortly after Rademacher was indicted and continuing through the date on which he was sentenced.  (Doc. #29).  Rademacher and two others were indicted by a federal grand jury on

January 26, 2006.  (Doc. #2).  Count One charged them with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Count Two charged them with intent to distribute 50 grams or more of methamphetamine. (Doc. #1).

Soon after the indictment was issued, the government notified Rademacher that it planned to seek enhancement of Rademacher's sentence under § 841(b)(1)(A).  (Evid. Hrg. Tr. p. 11).[1] The government subsequently filed notice in accordance with § 851.  (Doc. #33).  The § 841 enhancement entailed that Rademacher would face a minimum sentence of 20 years in prison. (Evid. Hrg. Tr. p. 11); § 841.  The enhancement applies in cases in which the defendant has "a prior conviction for a felony drug offense." § 841(b)(1)(A).  But for the statutory enhancement, Rademacher would have faced a minium sentence of 10 years in prison.  (Evid. Hrg. Tr. p. 4).

The prior conviction used to enhance Rademacher's sentence was his 2003 Texas conviction for possession of methamphetamine.  (Def. Ex. 10).[2]  The offense was a felony under Texas law even though Rademacher was convicted of possessing less than one gram of methamphetamine and, on the date of his arrest, Rademacher was 17 years old.  (Doc. #63-2). (Def. Ex. 10).  Rademacher was represented by counsel in those proceedings and waived a right to a trial by jury.  (*Id.*).  Noel concedes that he did not investigate the facts underlying Rademacher's Texas conviction.  (Evid. Hrg. Tr. p. 9-10, 29).  He testified at the evidentiary hearing that he never considered challenging the conviction's use for enhancing Rademacher's sentence, as his experience led him to believe such a challenge would be unsuccessful.  (*Id.*).

---

[1] The transcript of the evidentiary hearing held on January 15, 2008, will be cited in this manner.

[2] The defendant's exhibits from the January 15, 2008, evidentiary hearing will be cited in this manner.

On the other hand, Noel disputes Rademacher's contention that he failed to adequately explain Rademacher's sentencing exposure to him.  (*E.g. id.* at 17, 22).  Noel contends that he told Rademacher "point blank" before he pled guilty that he faced a minimum sentence of 20 years unless he received assistance from the Government for cooperation.  (*Id.* at 22).  Noel never told Rademacher that he was likely to receive such assistance.  Similarly, Noel never told Rademacher that he could serve his sentence on work release or house arrest, or that he could obtain a suspended sentence.  (*Id.*).

Since the evidence against Rademacher was quite strong (it included a videotaped confession), Noel focused his efforts on seeking a deal with the Government for a reduced sentence.  (Evid. Hrg. Tr. p. 7, 10, 17, 27, 55).  Specifically, Noel sought to induce the Government to file a motion under 18 U.S.C.S. § 3553(e) to reduce the sentence below the 20-year statutory minimum.[3]  The prosecutor in the case, James Cowles, communicated to Noel that a reduction under § 3553 would be possible only if Rademacher provided useful information to the Drug Enforcement Agency ("DEA").  (*Id.* at 11).  Rademacher and Noel went to two meetings with DEA agents with the goal of providing information in exchange for a sentence reduction.  (*Id.* at 18, 55).  Noel advised Rademacher that he had use immunity and that it was in his best interests to share all of the information he had with the DEA agents.  (*Id.* at 16, 31).  This advice notwithstanding, Rademacher was unable to provide information deemed sufficiently

---

[3] 18 U.S.C.S. § 3553(e) states: "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code."

3

useful by the DEA to warrant a reduction pursuant to § 3553.  (*Id.*).  Even after the two

unsuccessful meetings, Noel tried to arrange for an additional meeting in the hope that it would

garner Rademacher a reduced sentence.  (*Id.* at 19, 24-25).  The DEA refused to meet with

Rademacher again, however, having concluded that he had no useful information.  (*Id.* at 19).

Even after he had pled guilty, Rademacher continued to indicate that he believed he might

obtain a sentence reduction under § 3553.  (*Id.* at 21-22, 25).  This was true even though the DEA

had exhibited "frustration" at the second meeting and Noel had concluded that it had not gone

well.  (*Id.* at 19).  In addition, Rademacher continued to ask Noel about serving his sentence on

house arrest or work release.  (*Id.* at 21).  It is not entirely clear whether Rademacher understood

the reality of his situation.[4]  The undersigned finds, however, that any misunderstanding that did

exist should not be attributed to Noel's representation.  Noel testified credibly that he discussed

the mandatory minimum and maximum sentences with Rademacher.  (*Id.* at 24).  This

information was provided to Rademacher by the court at his guilty plea.  (Guilty Plea Transcript,

p. 10).  In addition, there is no credible evidence that Noel led Rademacher to believe he might

be able to serve his sentence on work release or house arrest, or that the sentence could be

suspended.[5]  According to Noel, Rademacher understood that  he would be sentenced to no less

---

[4] On cross-examination at the January 2008 evidentiary hearing, Rademacher conceded
that he understood when pleading guilty that he would be sentenced to no less than 20 years
unless the government filed a motion under § 3553.  (Evid. Hrg. Tr. p. 52).  He testified further
that he understood that the Government had discretion as to whether to file such a motion and
that neither he nor Noel controlled whether the motion would  be filed.  (*Id.*).

[5] At the January 2008 evidentiary hearing, Rademacher's counsel asked Noel about his
discussions with Rademacher.  Noel gave the following response: "I have never told a client how
much time they would have, or promised someone probation, work release, camp, or anything
else, because that's completely out of my control.  That's during the plea, and during the plea
colloquy that they are instructed the Judge can't tell them what is going to happen to you until

than 20 years in prison unless the government filed a motion under § 3553.  (*Id.* at 23, 27).

According to Noel, Rademacher also understood that the government had total discretion as to

whether to file such a motion, and that the decision would be based solely on Rademacher's

cooperation.  (*Id.* at 52).  Noel never told Rademacher that the government was likely to file the

motion.

Rademacher pled guilty on June 20, 2006.  (Doc. #37).  The district court subsequently

adjudged Rademacher guilty of the offense as charged in Count One.  Rademacher was sentenced

to 240 months imprisonment, consistent with the statutory minimum, on October 10, 2006 (Doc.

#49).  Rademacher filed the instant motion on September 17, 2007.  An evidentiary hearing was

conducted on January 15, 2008.  At the hearing, Noel, Rademacher, and DEA Special Agent

Daryl Cowan testified.

## LAW AND ANALYSIS

### I.      The Law of § 2255 Actions

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in

rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which

could result in a "complete miscarriage of justice."  *United States v. Cervantes*, 132 F.3d 1106,

1109 (5th Cir. 1998).  Collateral review is fundamentally different from and may not replace a

direct appeal.  *United States v. Frady*, 456 U.S. 152, 165 (1982).  Thus, even if the issues are

constitutional or jurisdictional, the defendant may be procedurally barred from raising them

collaterally.  A defendant "may not raise an issue for the first time on collateral review without

---

they get -- until they've actually got the Presentence Investigation Report returned.  So he's got
not only me telling him this, but he's got the Judge telling him this during the actual plea
colloquy.  And we had received the Rule 11 package long before . . ."  (Evid. Hrg. Tr. p. 23-24).

showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).  "[T]he Supreme Court has recognized a narrow exception to the cause and prejudice test . . . this exception . . . is limited to 'extraordinary' cases involving 'manifest miscarriage[s] of justice' that would result in the continued incarceration of one actually innocent of the offense."  *Id.*

 "[T]he general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."  *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987).  Consequently, "the procedural bar does not apply to ineffective assistance of counsel" claims.  *United States v. Willis*, 273 F.3d 592, 598 n.7 (5th Cir. 2001).  In addition, "[i]neffective assistance of counsel . . . [may constitute] cause for a procedural default."  *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

### II. Ineffective Assistance of Counsel

 To succeed on his claim of ineffective assistance, Rademacher must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Thus, Rademacher must show both that (1) his attorney's performance was deficient; and (2) the "the deficient performance prejudiced the defense."  *Id.*  If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered.  *See Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997).  This court evaluates Rademacher's claim with the knowledge that "[o]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty."  *Reed v. United States*,

354 F.2d 227, 229 (5th Cir. 1965).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-690. The defendant has the burden of showing that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690.

To satisfy the prejudice prong, the defendant must demonstrate that the attorney's deficiencies "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir.1990). In the context of challenging a guilty plea, prejudice is present if there is a reasonable probability that, absent counsel's errors, the defendant would not have entered a guilty plea and, instead, would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A.      **Failure to Counsel Rademacher Regarding His Sentencing Exposure**

Rademacher alleges that Noel failed to inform him of his sentencing exposure and that this failure constitutes deficient performance under *Strickland*. "Apprising a defendant about his exposure under the sentencing guidelines" is a necessary facet of counsel's representation in the context of a guilty plea. *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). "Failing to properly advise the defendant of the maximum sentence that he could receive falls below the

objective standard required by *Strickland*."  *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995)).  Moreover, a gross underestimation by counsel of the defendant's sentencing exposure would constitute a "breach[ of] his duty as a defense lawyer."  *See id.* at 437.  Counsel's advice must be based on "the current state of the law in relation to the facts of a given case," so that the defendant can make an "informed and conscious choice" before deciding whether to plead guilty.  *Kennedy v. Maggio*, 725 F.2d 269, 272 (5th Cir. 1984).

In this case, Noel did not fail to apprise Rademacher of his sentencing exposure.  In fact, he told Rademacher "point blank" that he was facing 20 years imprisonment unless the government recommended a reduction under § 3553.  Noel testified credibly at the evidentiary hearing that he has never told a client – and did not tell Rademacher – that the sentence could be served on work release, house arrest, or that his sentence could be suspended.  Nor did Noel counsel Rademacher in a manner that should have led him to believe a government motion under § 3553 was likely.  In addition, Noel clearly worked hard to seek a reduction under § 3553 for his client by advising Rademacher during the meetings with the DEA and by seeking additional meetings after Rademacher was unable to provide useful information.  The undersigned finds that Noel accurately described Rademacher's sentencing exposure to him and did not advise Rademacher in a manner that fell below the objective standard required by *Strickland*.  Since Noel did not perform deficiently, it is unnecessary to consider the prejudice prong of the *Strickland* analysis.  Rademacher was not denied the effective assistance of counsel in this regard.

**B.      Failure to Investigate Rademacher's Texas Conviction**

8

Rademacher argues that Noel was constitutionally ineffective because he did not investigate or challenge the use of Rademacher's Texas conviction to enhance his sentence. Rademacher contends that the investigation would have resulted in the discovery of information that would have prevented the court from using the conviction to enhance Rademacher's sentence. This contention is without merit, and, as a result, Rademacher claim of ineffective assistance in this regard fails.

First, Rademacher contends that an investigation by Noel would have revealed that at the time of the offense he was a minor.[6] In *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006), the court upheld the use of a conviction to enhance a sentence pursuant to § 841, even though the prior conviction had been obtained when the defendant was 17 years old.[7] While the prior conviction in *Mays*, like Rademacher's, was an adult conviction, the court noted that "at the federal level, sentences are routinely enhanced under the sentencing guidelines based upon juvenile convictions." *Mays*, 466 F.3d at 340 (citing U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(d)(2) (2004)). Since an objection to the use of the conviction on this ground would have been foreclosed by *Mays*, Noel did not provide ineffective assistance by failing to pursue this

---

[6] According to the Presentence Investigation Report, Rademacher was born October 25, 1984, and arrested in Texas on July 26, 2002.

[7] In *Mays*, the defendant challenged the use of the prior conviction on Eighth Amendment grounds. The *Mays* holding is consistent with the rest of this circuit's jurisprudence. For example, the circuit has held that "[j]uvenile adjudications count as convictions for criminal history purposes." *United States v. Lopez-Coronado*, 364 F.3d 622, 623 (5th Cir. 2004) (citing U.S.S.G. § 4A1.2(d)(2)). In addition, the circuit has upheld an upward departure from the Guidelines to account for a juvenile adjudication. *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006); *see also United States v. Luevano-Orozco*, 182 Fed App'x 376 (5th Cir. 2006); *United States v. Hawkins*, 87 F.3d 722, 730 (5th Cir. 1996) (affirming use of criminal conduct, rather than a conviction or adjudication, to enhance a sentence).

issue.  *See Puckett*, 907 F.2d at 585 n.6.

Second, Rademacher contends that an investigation of the Texas conviction would have revealed that he "did not receive more than one year and one month imprisonment" for the Texas conviction.  (Doc. #60).  Ostensibly, this contention is targeted at the requirement that a prior conviction be "punishable by imprisonment for more than one year" to be used to enhance a sentence.  *See* § 802(44).  The text of the statute requires, however, only that the prior conviction be "punishable" by that length of imprisonment;  there is no requirement that the defendant be sentenced to a term of imprisonment equal to that length of time.  *See id*.  Rademacher's Texas conviction was punishable by more than one year, as evidenced by the fact that Rademacher was sentenced to two years (suspended) imprisonment.  (Def. Ex. 10).  Since an objection to the use of the Texas conviction on this ground would have been meritless, Rademacher's claim of ineffective assistance on this basis fails as well.

Third, Rademacher contends that had his attorney "investigated, the prior drug offense would not have been used to enhance, as it involved less than .07 grams."  (Doc. #63-2).  The Fifth Circuit has held, however, that simple possession offenses can be used to enhance under § 841 as long as they are felonies in the jurisdiction of conviction.  *United States v. Sandle*, 123 F.3d 809 (5th Cir. 1997) ("the statutory definition of 'felony drug offense' set forth in section 802(44) controls . . . and . . . a felony state conviction for simple possession that otherwise qualifies under section 841(a)(1)(B) triggers that section's enhancement provision.").  Furthermore, the Fifth Circuit has rejected the argument that the use of a prior offense that is not a felony in all jurisdictions violates the Equal Protection Clause and Due Process Clause.  *United States v. Kubosh*, 63 F.3d 404 (5th Cir. 1995), *vacated on other grounds*, *Kubosh v. United*

10

*States*, 516 U.S. 1143 (1996).  Since an objection to the use of the Texas conviction on this

ground would have been meritless, Rademacher is unable to establish ineffective assistance

under *Strickland*.

### III.    Use of Prior Conviction to Enhance Sentence

Finally, Rademacher contends that, in light of *Lopez v. Gonzalez*, 127 S. Ct. 625, 627

(2006), the district court erred when it used the Texas conviction to enhance Rademacher's

sentence.  Rademacher's argument is not persuasive (even assuming *arguendo* that this argument

is available on collateral review) because *Lopez* is inapposite.[8]  In *Lopez*, the Court held that

"conduct made a felony under state law but a misdemeanor under the Controlled Substances Act

is [not] a 'felony punishable under the Controlled Substances Act.' "  *Id*.

Rademacher's sentence was enhanced pursuant to § 841(b)(1)(A) based on his 2003

Texas conviction.  Section 841(b)(1)(A) states:

---

[8]    Rademacher's case had become final on direct review well before *Lopez* was decided.
*See* FED. R. APP. P. 4(b)(1)(A)(I) (Rademacher had 10 days after his conviction became final to
file a direct appeal; *Lopez* was decided months later).  The Fifth Circuit has not yet considered
whether *Lopez* is retroactively applicable.  *But c.f. United States v. Girosky-Garibay*, 176 F.
Supp. 2d 705, 710 (W.D.Tex. 2001) (holding that a court's interpretation of a statute may be
applied retroactively).  Courts outside this circuit have reached conflicting conclusions regarding
the retroactive applicability of *Lopez*.  *Compare Storeby v. United States*,  No. 02-65-T-24TBM,
2007 U.S. Dist. LEXIS 39494, at *6 (M.D.Fl. May 31, 2007) ("*Lopez* is not retroactively
applicable on collateral review."); *United States v. Carroll*, Nos. 5:03-CR-42, 5:06-CV-238,
2007 WL 1299334 (N.D.Fla. Apr. 30, 2007) (same); *United States v. Gooden*, No. 07-580, 2007
U.S. Dist. LEXIS 88965, at *4-5 (W.D.Pa. Dec. 3, 2007) (same); *Ibarra-Martinez v. United
States*, No. 8:93-CR-3-T-24EAJ, 2007 U.S. Dist. LEXIS 92151 (M.D.Fla. Dec. 14, 2007)
(same); *United States v. Barber*, Civil No. 07-5103, 2007 WL 3101852, at *3 (W.D.Ark. Oct. 22,
2007) (same); *with De Dios Gonzalez-Gonzalez v. Weber*, 472 F.3d 1198, 1201 (10th Cir. 2006)
("cases interpreting statutes are 'fully retroactive because they do not change the law, but rather
explain what the law has always meant.' "); *United States v. Keyes*, Civil Case No.
07-CV-00867-LTB, 2007 U.S. Dist. LEXIS 83382, at *7-8 (D.Colo. Nov. 9, 2007) ("Lopez
announced a substantive new rule of law that should be applied retroactively"); *see also Butler v.
Menifee*, No. 07-1706, 2008 U.S. Dist. LEXIS 12988, at *6-7 (W.D.La. Jan. 4, 2008).

> If any person [violates § 841(a)] after a prior conviction for **a felony drug offense** has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . .

§ 841(b)(1)(A) (emphasis added).  "[F]elony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . ." § 802(44).  In Texas, Rademacher's offense was punishable by imprisonment of more than one year.  (Def. Ex. 10).  Consequently, the requirement set forth in § 841 and defined in § 802(44) is satisfied by Rademacher's 2003 conviction.  *See Sandle*, 123 F.3d at 812 (quoted above).

Nonetheless, Rademacher relies on *Lopez* for the proposition that since the offense would not have been a felony under federal law, it does not constitute a "felony drug offense."  Several courts have considered this argument and rejected it.  *See United States v. Winningham*, No. 01-00039, 2007 U.S. Dist. LEXIS 32623 (N.D.Fl. May 3, 2007); *Butler v. Menifee*, No. 07-1706, 2008 U.S. Dist. LEXIS 12988, at *7-8 (W.D.La. Jan. 4, 2008).  While not binding here, the *Winningham* analysis adeptly identifies the flaw in Rademacher's argument:

> The key distinction between *Lopez* and the instant case is that the definition of a felony drug offense is not tied to the Controlled Substances Act.  Rather, the term 'felony drug offense' is defined as 'an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State.'  21 U.S.C. § 802(44).  Because Defendant was convicted of a drug offense punishable as a felony by the state, it qualifies to enhance Defendant's sentence under 21 U.S.C. § 841(b)(1)(A).

*Id.* at *5; *accord Butler*, 2008 U.S. Dist. LEXIS 12988, at *7-8 (rejecting the same argument because the reasoning in *Lopez* "does not apply."); *Benitez v. Menifee*, No. 07-0707, 2007 U.S. Dist. LEXIS 95903, at *7-9 (W.D.La. July 23, 2007).  As a result, *Lopez* does not require this court to conclude that the district court erred by enhancing Rademacher's sentence under § 841.

### IV.     Conclusion

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** this 13th day of May, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

13